UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                               04-cr-801 (PKC)

        -against-                                                          ORDER

SHELDON FULLER, a/k/a "Andrew Blake"
a/k/a "David Campbell,"

        Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Through his counsel, defendant Sheldon Fuller moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the Covid-19 pandemic and Fuller's personal rehabilitation. In November 2006, this Court sentenced Fuller to a term of life imprisonment, plus two terms of 120 months to run consecutively, after a jury found him guilty on ten counts related to his participation in a marijuana-distribution conspiracy. Among other crimes, the jury found Fuller guilty of three counts of conspiracy to murder and murder as violent crimes in aid of racketeering, 18 U.S.C. § 1959(a)(1), two counts of murder in connection with a drug crime, 21 U.S.C. § 848(e)(1)(A), and one count of murder through use of a firearm, 18 U.S.C. § 924(j). Fuller's sentence was affirmed on direct appeal. <u>United States v. Shaw</u>, 354 Fed. App'x 439 (2d Cir. 2009). He is currently housed at FCI Fairton.

        Because Fuller's circumstances, viewed in combination and in isolation, do not constitute extraordinary and compelling circumstances that warrant a reduction of his sentence, the motion will be denied.

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction."  18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination and in isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

On July 28, 2020, Fuller submitted a written request for early release to the Bureau of Prisons, which was denied on August 13, 2020.  (Docket # 784 Ex. A.)  The government does not dispute that Fuller has exhausted his administrative remedies.  (Docket # 789 n.1.)

The motion asserts that Fuller suffers from a Vitamin D deficiency, experiences "instances of hypertension," has a history of smoking, is overweight and has a family history of heart disease.  (Docket # 784 at 4.)  Fuller is 41 years old.  In a letter dated December 24, 2020, Fuller's counsel informed the Court that Fuller had tested positive for Covid-19 and was in quarantine at FCI Fairton.  (Docket # 787.)  The government has reported that on January 4,

2021, medical staff found Fuller to be asymptomatic, and that his case has resolved. (Docket # 789.) Fuller's reply letter does not dispute this characterization. (Docket # 790.)

The Centers for Disease Control ("CDC") states that "[b]ased on what we know from similar viruses, some [Covid-19] reinfections are expected," and that further study is required to fully understand the risk of re-infection.[1] Among the health conditions that Fuller lists, the CDC lists only hypertension or high blood pressure as possibly placing persons at increased risk of severe illness from Covid-19.[2] Fuller's motion refers to "instances" of hypertension without elaboration, and his remaining health concerns are not associated with a heightened risk of severe illness due to Covid-19.

Fuller notes the difficulty of practicing social distancing and other preventative measures in a prison setting. A BOP website states that, as of January 26, 2021, 14 inmates and 28 staff members of FCI Fairton have confirmed cases of Covid-19.[3] In all, 271 inmates and 17 staff members at the facility have tested positive and recovered from Covid-19. One inmate at FCI Fairton has died of Covid-19. The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit. Also, a person has greater control over the course of his medical treatment if he is at liberty rather than incarcerated.

In addition to the health risks presented by the Covid-19 pandemic, Fuller's motion emphasizes his personal rehabilitation. In a letter addressed to the Court, Fuller states that he has read extensively while in prison. (Docket # 784 Ex. B.) He describes reading as his "greatest discovery," stating that it has "literally change[d] me into a positive thinker and

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions
[3] https://www.bop.gov/coronavirus/

person" and that he has authored three unpublished books.  (Docket # 784 Ex. B.)  He states that he maintains strong communication with his children, the youngest of whom was recently admitted to Fordham University.  (Id.)  Fuller states that while in prison, he has obtained a GED degree, has worked for five years making furniture and has taken life-skills and business courses.  (Id.)  His motion annexes numerous educational certificates received while in prison.  (Id. Ex. C.)  It also annexes letters from Fuller's three children and the mother of two of those children, all of whom describe positive relationships with Fuller and a desire to reunite with him.  (Id. Ex. D.)  The Court credits Fuller's descriptions of his changed perspective and the loving and supportive relationships described by his family members.

        The Court also has considered the factors set forth in 18 U.S.C. § 3553(a).  Fuller was a member of a drug organization called the "Two Mile Posse" and was a low-level street dealer in the group prior to his involvement in the murder conspiracy.  Fuller and a co-conspirator executed two other drug dealers in an apartment, during which time Fuller fired several shots to the head of one victim.  As noted, the Court sentenced Fuller in November 2006, following a jury trial in which he was found guilty on ten counts, including six counts related to murder and conspiracy to murder.  At the sentencing hearing, the Court recounted Fuller's participation in "an execution-style double murder" and described it as "a lying-in-wait murder. It was planned, and carefully choreographed with the two shooters at the door, making sure that each of the victims were taken out."[4]  (Docket # 400 at 9.)  Fuller's motion asserts that he "was at best a minor participant in the overarching marijuana importation ring" and that the killings occurred in reaction to the victims' threats against Fuller's cousin.  (Docket # 784 at 3.)  The fact remains that a jury found Fuller to guilty of gravely serious crimes.  His term of imprisonment is

---

[4] For clarity, the Court notes that at sentencing it addressed the defendant by the name "David Campbell" at the defendant's request.  (Sentencing Tr. at 4.)

life plus two terms of 120 months to run consecutively, and he has been in custody since his arrest in October 2004. That sentence reflects the circumstances and the extreme seriousness of Fuller's offenses and the need for just punishment of those offenses. The sentence also serves the goal of deterring other criminal conduct the need to protect the public from further crimes of the defendant.

In addition to the foregoing, the Court has also considered the arguments raised in the redacted portions of the parties' submissions.

Viewing the circumstances in combination and isolation, the Court finds that Fuller has not met his burden of demonstrating extraordinary and compelling circumstances that warrant a reduction to his sentence. Fuller has not demonstrated that he is at heightened risk of serious illness due to Covid-19; he experienced minor symptoms after testing positive for Covid-19; and the section 3553(a) factors weigh heavily against his application. While Fuller has described the productive use of his time in prison and his warm relationships with family members, those positive developments do not demonstrate extraordinary and compelling circumstances in light of the countervailing considerations in his case. The denial of his application does not foreclose the possibility of a new application at some point in the future.

The motion for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is therefore DENIED.

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 26, 2021